# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30298
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2014

Lyle W. Cayce
Clerk

DAMON PATTERSON,

Plaintiff-Appellant

v.

CITY OF NEW ORLEANS; NEW ORLEANS POLICE DEPARTMENT; BRADLEY WAX, Sergeant; WESTLEY HUMBLE, Officer, also known as Hummer Humble; JASON HICKMAN, Detective; THERESA MORRIS, Detective; RAPHAEL DOBARD, Detective,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-3124

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Damon Patterson, Louisiana prisoner # 125836, filed a civil rights complaint against the City of New Orleans, the New Orleans Police Department, a police sergeant, and four police officers. Patterson complained that the police officers violated his constitutional rights in arresting him on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

October 4, 2011.  The district court dismissed the claims against the City of New Orleans and the New Orleans Police Department with prejudice, and the magistrate judge, acting by consent, dismissed the claims against the individual defendants without prejudice pursuant to the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Patterson gave timely notice of his appeal.

Patterson raises no issue on appeal with respect to the dismissal of his claims against the City of New Orleans or the New Orleans Police Department.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (unbriefed issues are waived).

Patterson contends generally that the magistrate judge erred in failing to consider the merits of his constitutional claims.  He raises no issue with respect to the magistrate judge's determination that his claims are barred under the rule in *Heck* except insofar as he contends that *Heck* may be distinguished on the basis of its underlying facts.  The distinctions drawn by Patterson do not go to the question whether Patterson's constitutional claims implicate the validity of his criminal convictions.  *See Heck*, 512 U.S. at 487.

Next, Patterson asserts that summary judgment should not have been granted before discovery was completed.  Patterson did not complain in his memorandum in opposition to the motion for summary judgment that discovery had not been completed.  *See* FED. R. CIV. P. 56(d)(2).  He has made no showing that additional discovery would have generated evidence germane to the summary judgment motion.  *See Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1266-67 (5th Cir. 1991).  Patterson contends that the affidavits and exhibits filed by the defendants in support of their motion for summary judgment were "false and altered" and a "fraud upon the court," and that the magistrate judge should have convened a hearing to consider the reliability of those documents.  These unsubstantiated and conclusional assertions are

insufficient to preclude entry of summary judgment.  *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  Patterson complains that the clerk of the district court misfiled his exhibit index, but he does not explain how he was adversely impacted by the clerk's error, if any.

Finally, Patterson asserts that the magistrate judge erred in failing to issue a writ of habeas corpus and in failing to determine that he had been denied access to the courts by his prison unit.  Patterson did not request habeas relief in the district court.  He is imprisoned in Monroe, Louisiana, and the record does not reflect that the New Orleans-based defendants are responsible for the conditions of his confinement.

The appeal is DISMISSED AS FRIVOLOUS.  *See* 5TH CIR. R.47.5.4.  We CAUTION Patterson that this decision counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  If he accumulates three strikes, Patterson will be barred from proceeding in forma pauperis in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).